JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Raymond Schlagel appeals from the judgment entered in favor of plaintiff-appellee Tobias, Kraus Torchia ("Tobias"). Because we conclude that none of his assignments of error has merit, we affirm the judgment of the trial court.
Tobias, a law firm, filed a lawsuit against Schlagel claiming that he had breached a contract to pay legal fees. Tobias alleged that Schlagel had signed an agreement with the firm for legal representation in a hearing before the U.S. Department of Labor. The agreement provided that the lead attorney, Sharon Sobers, would be paid $150 per hour for her services. The parties also agreed that the firm would bill $50 per hour for a law clerk's work on the case. Tobias alleged that it had represented Schlagel throughout the hearing and had prepared post-hearing briefs.
When Schlagel refused to pay for the services rendered, Tobias filed the lawsuit. Schlagel filed a motion to dismiss and a motion for summary judgment. The trial court denied both motions. The case was scheduled for a bench trial on August 10, 2004. After the trial, the trial court entered judgment in favor of Tobias in the amount of $50,759.40.[1]
In his first assignment of error, Schlagel asserts that the trial court erred in denying his motion to dismiss. In his motion, Schlagel argued that the trial court lacked both subject-matter and personal jurisdiction, and that Tobias's complaint failed to state a claim upon which relief could be granted.[2] We disagree. The trial court clearly had subjectmatter jurisdiction over a contract action claiming damages over $40,000.[3] Under R.C. 2307.382, the trial court had personal jurisdiction over Schlagel. Finally, the complaint stated a contract claim upon which relief could be granted. The first assignment of error is overruled.
Schlagel's second assignment of error is that the trial court erred in denying his motion for summary judgment. In Continental Ins. Co. v.Whittington, the Ohio Supreme Court held that "[a]ny error by a trial court in denying a motion for summary judgment is rendered moot or harmless if a subsequent trial on the same issues raised in the motion demonstrates that there were genuine issues of material fact supporting a judgment in favor of the party against whom the motion was made."[4]
Because the bench trial in this case appropriately resolved the issues raised by Schlagel's motion for summary judgment in Tobias's favor, we conclude that the second assignment of error is not well taken.
The final assignment of error is that the judgment entered for Tobias was "not consistent with the record." Schlagel argues that Tobias did not provide evidence to support its contract claim. Further, Schlagel questions whether a bench trial took place on August 10, 2004, as there is no transcript of the trial in the record. The burden to provide the transcript of the bench trial was Schlagel's.[5] Absent a transcript of the trial, we must presume regularity.[6] We conclude that Schagel has not demonstrated that the trial court's judgment was inconsistent with the record. Further, the judgment of the trial court was not contrary to law. The third assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Sundermann and Hendon, JJ.
[1] The award included $42,299.50 in damages and $8,459.90 in prejudgment interest.
[2] Civ.R. 12(B)(1), (2), and (6).
[3] R.C. 2305.01.
[4] (1994), 71 Ohio St.3d 150, 642 N.E.2d 615.
[5] App.R. 9.
[6] Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 199,400 N.E.2d 384.